IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW MAY, OMAR OWEIS, MARCOS PIERAS, and LINDA CHRISTIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, d/b/a AUDI OF AMERICA, INC., AUDI AG, a German corporation and VOLKSWAGEN AG, a German corporation,<br><br>Defendants. | Case No. 2:20-cv-09708-JXN-MAH |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs respectfully submit the recent decision, *Blake George, et al. v. Jaguar Land Rover North America LLC*, No. 2:20-CV-17561 (WJM), 2021 WL 5195788, at *1 (D.N.J. Nov. 8, 2021) (attached as Exhibit A), as supplemental authority. Plaintiffs respectfully request that the Court consider this decision in connection with Defendant Volkswagen Group of America, Inc.'s ("VW America") Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (ECF No. 32).

In the *Jaguar Land Rover* decision, Judge William J. Martini, of this Court, analyzed arguments similar to those that VW America raises here regarding claims

for breach of express and implied warranty and certain state consumer protection laws in an automotive defect case asserted against an automotive manufacturer.

With respect to the express warranty claim, the *Jaguar Land Rover* Court rejected arguments that the alleged defect fell outside the scope of the applicable warranties, and instead, like many courts in this District, "declines to apply a distinction between a defect in design and a defect in materials or workmanship at the pleadings stage of litigation." 2021 WL 5195788, at *5. Plaintiffs make this same argument here, noting in their Response in Opposition to Defendant's Motion to Dismiss Consolidated Class Action Complaint (ECF No. 36), that many courts decline to distinguish between design defects and defects in materials or workmanship at the pleading stage. *See* ECF No. 36 at 8-9.

Further, the *Jaguar Land Rover* Court recognized that allegations of multiple attempts to repair a defect, which persisted despite the repairs, are sufficient to show the warranty fails for its essential purpose. *Jaguar Land Rover*, 2021 WL 5195788, at *6. Here, Plaintiffs' allegations include multiple opportunities in which VW America refused to or failed to repair the Defect. Consolidated Class Action Complaint ("CCAC") (ECF No. 31), ¶¶ 31-32, 44-47, 60-63, 73-75. These allegations satisfy the standard and demonstrate that the warranty has failed its essential purpose.

With respect to the claims for breach of implied warranty, the *Jaguar Land Rover* Court rejected arguments that plaintiffs failed to adequately allege their vehicles were unmerchantable, holding "whether the [] Defect posed enough of a safety risk to actually hamper the Class Vehicles' ability to provide safe, reliable transportation is ultimately a question of fact to be resolved at summary judgment or by a jury." *Jaguar Land Rover*, 2021 WL 5195788, at *8. Similarly, here, Plaintiffs have alleged that the AEB System Defect causes the vehicle to stop without cause, distracts drivers with unnecessary warnings, and fails to engage to prevent a collision, which gives rise to a plausible inference of a safety risk sufficient to establish unmerchantability at this stage of the case. CCAC, ¶¶ 28-30, 34, 43, 57, 61, 72, 74, 119.

With respect to the claims for breach of implied warranty, the *Jaguar Land Rover* Court also analyzed arguments that privity is a bar to implied warranty claims under Florida law. The court rejected arguments of lack of privity under Florida law because the complaint demonstrated that plaintiffs were the "ultimate consumers" of the class vehicles. *Jaguar Land Rover*, 2021 WL 5195788, at *7. Here, Plaintiff Oweis alleges he was the "ultimate consumers" because he was provided warranties directly from VW America and he was the intended beneficiary of the warranty. CCAC ¶¶ 38, 81, 292, 294, 296.

With respect to the state consumer protection laws, the *Jaguar Land Rover* Court analyzed whether Plaintiffs' allegations sufficiently pleaded the defendant's pre-sale knowledge of the defect and found where plaintiffs alleged five or six different sources of knowledge, "when viewing Plaintiffs' allegations holistically, they have pleaded enough to give rise to a plausible inference that Defendant knew about the [] Defect plaguing its vehicles." 2021 WL 5195788, at *11. Similarly here, Plaintiffs have alleged several sources of VW America's pre-sale knowledge of the AEB System Defect, including pre-release testing, early consumer complaints, warranty claims data, aggregate data from dealers, consumer complaints to NHTSA and on internet forums, data from Car-Net systems and Audi Connect systems, and VW's own technical service bulletins regarding the Defect. CCAC ¶¶ 128, 130, 133, 137-153, and Exs. A and B. As in *Jaguar Land Rover,* these multiple sources of knowledge are sufficient to give a plausible inference of VW America's knowledge of the Defect.

Accordingly, Plaintiffs respectfully request the Court consider the recent *Jaguar Land Rover* decision in its determination of VW America's pending motion.

Dated: December 3, 2021     Respectfully submitted,

/s/ Russell D. Paul
Russell D. Paul (037411989)
Amey J. Park (070422014)
Abigail J. Gertner (019632003)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone:  (215) 875-3000
Fax:  (215) 875-4604
rpaul@bm.net
apark@bm.net
agertner@bm.net

Tarek H. Zohdy
Cody R. Padgett
**CAPSTONE LAW APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Tel.:  (310) 556-4811
Fax:  (310) 943-0396
Tarek.Zohdy@capstonelawyers.com
Cody.Padgett@capstonelawyers.com

*Counsel for Plaintiffs and the Proposed Classes*